IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MARK G. SCARBOROUGH d/b/a mjjs.com, ) ) ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-0567-CV-W-ODS |
| ) | |
| CHRIS JOHNSON d/b/a BidWare.com, ) ) ) | |
| Defendant. ) | |

ORDER AND OPINION GRANTING DEFENDANT'S MOTION TO DISMISS
FOR LACK OF JURISDICTION

On May 25, 2007, Defendant filed a Motion to Dismiss. Plaintiff's request for additional time to respond was granted, and a response was due on June 25. No response was filed, undoubtedly due to conflicts between Plaintiff and his attorney that are reflected in filings with the Court. On July 25, the Court allowed Plaintiff's counsel to withdraw and, at Plaintiff's request, reopened discovery and extended the deadline for responding to the Motion to Dismiss. The new deadline – August 10 – passed with no response from Plaintiff. On August 20, the Court issued an Order to Show Cause, directing Plaintiff "to either respond to the motion or show cause why the motion should not be granted." To date, Plaintiff has not responded to the motion or the Order to Show Cause.

The Motion to Dismiss contends the Court lacks jurisdiction in this matter. Plaintiff generally alleges Defendant has violated Plaintiff's copyright in a computer program. "[N]o action for infringement of the copyright in any United States Work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). Courts have construed this statutory command as a jurisdictional requirement. E.g., La Resolana Architects PA v. Clay Relators Angel Fire, 416 F.3d 1195, 1205 (10th Cir. 2005); Berry v. Penguin Group (USA), Inc., 448 F. Supp. 2d 1202, 1203 (W.D. Wash. 2006); Mays & Associates, Inc. v.

Euler, 370 F. Supp. 2d 362, 366-67 (D. Md. 2005); Morgan, Inc. v. White Rock Distilleries, Inc., 230 F. Supp. 2d 104, 107 (D. Me. 2002).

Defendant points out that Plaintiff does not allege he registered the copyright, and has also provided materials (which may be considered under Rule 12(b)(1)) indicating Plaintiff has not registered the copyright. Plaintiff has not cured or otherwise addressed this jurisdictional defect despite being afforded ample time to do so. Therefore, the motion (Doc. # 26) is granted and this case is dismissed without prejudice due to a lack of jurisdiction.

IT IS SO ORDERED.


/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: September 5, 2007                          UNITED STATES DISTRICT COURT

2