IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MARK G. SCARBOROUGH d/b/a mjjs.com, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 06-0567-CV-W-ODS ) |
| CHRIS JOHNSON d/b/a BidWare.com, | ) ) ) ) |
| Defendant. | ) |

ORDER AND OPINION GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION AND REOPENING THE CASE EXCEPT WITH RESPECT TO COUNT I OF THE AMENDED COMPLAINT

On May 25, 2007, Defendant filed a Motion to Dismiss. Plaintiff's request for additional time to respond was granted, and a response was due on June 25. No response was filed, undoubtedly due to conflicts between Plaintiff and his attorney that are reflected in filings with the Court. On July 25, the Court allowed Plaintiff's counsel to withdraw and, at Plaintiff's request, reopened discovery and extended the deadline for responding to the Motion to Dismiss. The new deadline – August 10 – passed with no response from Plaintiff. On August 20, the Court issued an Order to Show Cause, directing Plaintiff "to either respond to the motion or show cause why the motion should not be granted." Plaintiff did not respond, and on September 5, 2007, the Court considered and credited Defendant's arguments and dismissed the case.

The problem with this sequence of events is that Defendant's motion did not contend the Court lacked jurisdiction over the entire case, nor did it ask that the entire case be dismissed. As Plaintiff's pending Motion for Reconsideration points out, Defendant only contended the Court lacked jurisdiction over Count I, and suggested only that Count I be dismissed. Plaintiff's Motion for Reconsideration (Doc. # 39) is meritorious and must be granted.

Defendant opposes the motion, contending the Court dismissed the case in part due to Plaintiff's failure to respond to the Motion to Dismiss. This is not true. The Court

declared the case was being dismissed for jurisdiction, not because of Plaintiff's failure to follow the Court's orders. While the Court discussed the procedural history, this was done only to establish Plaintiff had the opportunity to respond and had failed to do so.

Defendant also contends granting the motion will result in a hardship because he has severed his relationship with counsel and cannot afford to retain new counsel. However, Defendant's financial position is no different than if the Court had properly recognized the limited scope of Defendant's motion and dismissed Count I only, so Defendant will not be placed in a worse position by granting the motion than he would be in if the error had not occurred. On the other hand, the Court's error should not place Plaintiff in a worse position than he would have been if the error had not occurred. Justice requires the motion be granted.

Plaintiff's Motion for Reconsideration is granted. The case is reopened except with respect to Count I of the Amended Complaint.

IT IS SO ORDERED.

DATE: September 24, 2007

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT