IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MARK G. SCARBOROUGH d/b/a mjjs.com, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 06-0567-CV-W-ODS ) |
| CHRIS JOHNSON d/b/a BidWare.com, | ) ) ) |
| Defendant. | ) |

ORDER AND OPINION DENYING DEFENDANT'S MOTION TO DISMISS

On October 30, 2007, the Court vacated its earlier dismissal of this case and reinstated Plaintiff's Amended Complaint with the exception of Count I. Now pending is Defendant's Motion to Dismiss Counts II, III and V. The motion (Doc. # 44) is denied.

According to the Amended Complaint, Plaintiff wrote software for use on internet auction websites and called his products "Auction Ad Builder" and "Auction Ad Builder Pro." Amended Complaint, ¶¶ 8, 34. Counts II, III and V assert claims premised on Defendant's purported use of these names in connection with websites he owns and (apparently)[1] to describe products or services he sells. Defendant contends the product names used by Plaintiff are not entitled to protection because they are generic.

A motion to dismiss for failure to state a claim should be granted when it appears that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In ruling on a motion to dismiss, the Court is required to view

---

[1]The Amended Compliant is not clear on this point, and the parties' submissions in connection with the current motion do not clarify matters. The parties undoubtedly understand much more about the case than does the Court, but they have not done an effective job of explaining matters. This state of affairs may be attributed to the fact that both parties have elected to proceed pro se. While the Court cannot force individuals to retain counsel, the Court strongly encourages the parties to consider doing so – particularly since the areas of law at issue are very complex and beyond the ordinary knowledge of most laymen.

the facts alleged in the Amended Complaint in the light most favorable to the Plaintiff. The Court is limited to a review of the Complaint. Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 (8th Cir. 2003).

"To determine whether a mark is distinctive and thus entitled to trademark protection, we must first categorize it as generic, descriptive, suggestive, or arbitrary." Schwan's IP, LLC v. Kraft Pizza Co., 460 F.3d 971, 974 (8th Cir. 2006). A generic term is not entitled to any protection because it only "indicates the basic nature of the product" and thus cannot be taken from the public domain "even if it becomes associated with only one source." Id. (quotations omitted). Descriptive terms identify "the ingredients, characteristics, qualities, or other features of the product and may be used as a trademark only if [they have] acquired a secondary meaning." Id.

In arguing that "Auction Ad Builder" and "Auction Ad Builder Pro" are generic terms, Defendant relies only on the words employed. This is satisfactory in some circumstances, but only if the terms are so obviously generic that the court can declare, as a matter of law, that the terms are generic and not descriptive. E.g., Best Buy Warehouse v. Best Buy Co., 920 F.2d 536, 537 (8th Cir. 1990) (per curiam), cert. denied, 501 U.S. 1252 (1991) (affirming district court's determination that the phrase "best buy" is generic as a matter of law). More often, however, the defending party is required to present evidence demonstrating the public's understanding of the term. E.g., Schwan's IP, 460 F.3d at 974-75; In re Merrill Lynch, Pierce, Fenner, & Smith, Inc., 828 F.2d 1567, 1570 (Fed. Cir. 1987). The terms at issue are not obviously generic,[2] and Defendant has not presented any evidence demonstrating the public's understanding of these terms. The Court cannot presently conclude the terms are generic.

---

[2] It does not appear that a computer program called "Auction Ad Builder" or "Auction Ad Builder Pro" is a generic product. More likely, these names are best considered descriptive because they identify the characteristics, qualities, or features of an otherwise generic product – a computer program. The Court does not mean to imply Defendant cannot obtain evidence and present the issue in a motion for summary judgment; the Court is merely explaining why it cannot rule, as a matter of law, that the terms are generic.

2

Defendant's Motion to Dismiss is denied.

IT IS SO ORDERED.

DATE: January 9, 2008

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT